IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SUZIE SCOTT,

                          Plaintiff,                              OPINION and ORDER

      v.
                                                                      23-cv-687-jdp
ST. JOHN's LUTHERAN CHURCH,

                          Defendant.

---

Pro se plaintiff Suzie Scott has filed a complaint to enjoin defendant St. John's Lutheran Church from demolishing its building and constructing a redevelopment that will feature affordable housing. Scott contends that the redevelopment plan violates the National Historic Preservation Act and First Amendment.

Because Scott proceeds in forma pauperis, I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. I must accept Scott's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I may consider matters of public record and documents attached to the complaint that are central to its allegations. *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). I will dismiss the complaint for failure to state a claim. Because it is clear that any amendment would be futile, I will not allow Scott the opportunity to amend her complaint.

ALLEGATIONS OF FACT

The church has architectural, cultural, and historical importance. Scott has applied with the Wisconsin Historical Society to nominate the church for listing on the National Register of Historic Places. The government plans to give the church $20 million for its redevelopment, which will cause people to lose valuable programs and services. A person named Jennifer was silenced and banned from one of the church's clubs because she talked about its possible demolition.

ANALYSIS

**A.  The Preservation Act**

I will not allow Scott to proceed on a claim under the Preservation Act to enjoin the church from demolishing the building. The Preservation Act doesn't authorize actions against private defendants to stop them from redeveloping their properties. The church is registered with the state of Wisconsin as a non-stock corporation, and thus it is a private entity.  *See Saunders v. Art Council of Princeton*, No. 21-1118, 2021 WL 6124315, at *3 (3d Cir. Dec. 28, 2021) ("[N]o private action exists against non-federal agencies under the [Preservation Act]."); *Edwards v. First Bank of Dundee*, 534 F.2d 1242, 1245–46 (7th Cir. 1976) (Preservation Act didn't authorize action against bank to stop demolition of private building when project wasn't federally funded or assisted). Even if the Historical Society nominated the church and the Keeper of the National Register ultimately listed it (both of which are far from certain), the listing wouldn't stop the redevelopment project. *See Norton v. Beasley*, No. 21-6053, 2022 WL 17348385, at *7 (6th Cir. Dec. 1, 2022) ("Listing of private property on the National Register does not prohibit under Federal law or regulation any actions which may otherwise be taken

by the property owner with respect to the property."). In any case, the church could stop the listing by objecting to it. *See* 54 U.S.C. § 302105 ("If the owner of any privately owned property . . . object[s] to inclusion or designation, the property shall not be included on the National Register or designated as a National Historic Landmark until the objection is withdrawn.").

In some cases, section 106 of the Act imposes a consultation requirement on federal agencies. Before approving the use of funds for an undertaking or licensing an undertaking, the Preservation Act "requires federal agencies to take into account the effect of an undertaking on any historic property." *See Protect Our Parks, Inc. v. Buttigieg*, 39 F.4th 389, 395 (7th Cir. 2022); 54 U.S.C. § 306108. "Agencies must make reasonable efforts to identify historic properties affected by federal actions and, with the input of consulting parties, develop and evaluate alternatives or modifications to the undertaking that could avoid, minimize, or mitigate adverse effects on those historic properties." *Protect Our Parks*, 39 F.4th at 401. The Act "defines historic property broadly and includes any prehistoric or historic district, site, building, structure, or object included on, or eligible for inclusion on, the National Register." *Eagle Cnty., Colorado v. Surface Transportation Bd.*, 82 F.4th 1152, 1165 (D.C. Cir. 2023).

I will assume for screening that the church would be eligible for inclusion on the National Register. But Scott hasn't named a federal agency as a defendant, as she must to proceed on this claim. *See Edwards*, 534 F.2d at 1245–46. And, by itself, Scott's allegation that the government wants to give the church $20 million toward the redevelopment project doesn't suggest that a federal agency licensed or approved funds for it. *See Protect Our Parks*, 39 F.4th at 401 (stating that section 106 applies only to projects that require federal approval). Online records from the Dane County Legislative Information Center, City of Madison Legislative Information Center, and Wisconsin Housing and Economic Development

Authority (WHEDA) show that the church has received funding (though much less than $20 million) from Dane County and WHEDA, and has sought funding from the City of Madison. *See also* Ethan Duran, *Old Church Finds New Purpose as St. John's Lutheran Church Converts to Affordable Housing*, The Daily Reporter (Sep. 19, 2023), *available at* 2023 WLNR 32807617 (Westlaw). These public records further suggest that no federal agency has licensed or approved funding for the redevelopment project. I will not allow Scott to proceed on a consultation claim under section 106 of the Act.

## B. First Amendment

I will not allow Scott to proceed on the First Amendment claim because she brings it on behalf of Jennifer. *See Bronk v. Utschig*, No. 12-cv-832-wmc, 2012 WL 6586485, at *3 (W.D. Wis. Dec. 17, 2012) ("The right to litigate *pro se* is personal to each individual and does not grant authority to prosecute an action in federal court on behalf of others."). Even if Scott brought this claim on her own behalf, I would not allow her to proceed on it because her allegations fail to suggest that the church is a state actor under 42 U.S.C. § 1983. *See Hui Son Lye v. City of Lacey*, No. 11-05983, 2012 WL 2564902, at *3 (W.D. Wash. June 29, 2012); *Baker v. AME Church Jud. Council*, 320 F. Supp. 2d 786, 789 (N.D. Ind. 2004).

## C. Conclusion

The court of appeals has cautioned against dismissing a pro se plaintiff's case without giving her a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But dismissal in this case is appropriate because it's clear from the applicable authority, Scott's allegations, and public records that she could not obtain an injunction under the Preservation Act stopping the redevelopment project entirely. *See Bogie v. Rosenberg*, 705 F.3d 604, 608 (7th Cir. 2013).

ORDER

IT IS ORDERED that:

1.  Plaintiff Suzie Scott's complaint, Dkt. 1, is DISMISSED without leave to amend.

2.  The clerk of court is directed to enter judgment and send Scott copies of this order and the judgment.

Entered November 28, 2023.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge